# TOMASA MARTINEZ ET AL.

*v.*

# JUAN BERTRAN.

---

San Juan, Law, No. 402.

Where it is apparent from the prayer of a bill in equity that the matter in controversy is strictly a probate matter, the district court of the

Martinez v. Bertran.

United States for Porto Rico has no jurisdiction to entertain the same, no matter what the citizenship of the parties or the amount involved may be.

Order filed December 28, 1908.

---

*Mr. F. H. Dexter,* attorney for plaintiffs.

*Mr. H. F. Hord,* attorney for defendant.

RODEY, Judge, entered the following order:

This cause coming on to be heard upon the motion of the respondent to dismiss for lack of jurisdiction, and the complainants being represented by their solicitor, Francis H. Dexter, and the respondents by Henry F. Hord, and said counsel having been heard pro and con on the motion, and the court being fully advised, it is now:

Ordered, that the second clause of said motion be and the same hereby is sustained, and the said cause be and it hereby is dismissed, because it appears from the bill, as recently amended, under date of November 14th, 1908, that the purpose and object of the suit is to recover from the defendants, in manner and form as in the bill set forth, damages as prayed for, against respondent Juan Bertran, on his own account, as well as the other respondents, with the exception of Encarnación Frias, as heirs of the parties named in the bill, and who are jointly liable with the respondent Bertran. And further, because the object of said bill, as so amended, is thereafter to distribute such damages to the complainant and the heirs of

Martinez v. Bertran.

Tomasa Hernandez, and Serafin Noya, respectively, in the manner and to the extent to which they may by law be entitled. Which, therefore, in the opinion of the court, makes the matter a probate proceeding, of which this court has no jurisdiction, as it comes within the prohibition of the rule laid down in Amsterdam v. Puente, 3 Porto Rico Fed. Rep. 447, and as we also held in Aran y Aran v. Fritze, L. & Co. 3 Porto Rico Fed. Rep. 509, and within the rule as laid down by the Supreme Court of the United States in Garzot v. Rios de Rubio, 209 U. S. 283, 52 L. ed. 794, 28 Sup. Ct. Rep. 548.

It is further ordered, and this is done in consideration of the fact that said recent ruling of the Supreme Court of the United States has made it clear that this court has no jurisdiction in the premises, when such was not clearly manifest before, and therefore the costs already paid by each of the parties will be permitted to stand as against each; that is, each paying his own costs.